```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES                )
                             )    CRIMINAL ACTION NO.
          v.                 )    10-10440-DPW
                             )
MICHAEL WILLIAMS,            )
                             )
             Defendant.      )

 ----------------------------------------------------------------

UNITED STATES                )
                             )    CRIMINAL ACTION NO.
          v.                 )    13-10023-DPW
                             )
MICHAEL E. MCLAUGHLIN,       )
                             )
             Defendant.      )
```

MEMORANDUM AND ORDER
September 5, 2013

     The defendants in these two separate cases pleaded guilty to
the charges against them.  After their respective judgments
entered, each failed to file a notice of appeal in a timely
fashion.[1]  Both thereafter moved for an extension of time to file
a notice of appeal despite the expiration of the 14 day appeal
period.  In each case, the defendant was apparently uncertain
during the 14 day period and for some time thereafter whether he
would appeal.  After considering the application of the
requirements governing extensions of time to file a notice of

---

     [1] Neither defendant entered into a plea agreement containing
a waiver of the right to appeal.

-1-

appeal under the Federal Rules of Appellate Procedure and finding that the defendant Williams has not complied with either the letter or the spirit of those rules while the defendant McLaughlin has, I will deny the motion of the defendant Williams in Criminal No. 10-10440-DPW, but allow that of defendant McLaughlin in Criminal No. 13-10023-DPW.  This joint memorandum is designed to provide a comparative discussion of the requirements for extensions of time to file notices of appeal in criminal cases.

## I.
### UNITED STATES V. WILLIAMS
### CRIMINAL ACTION NO. 10-10440-DPW

Defendant Michael Williams pleaded guilty to a variety of drug offenses and related crimes.  On March 28, 2013, I imposed a sentence of 180 months of imprisonment to be followed by 5 years of supervised release.  At Williams' request, I stayed entry of judgment and thus execution of the sentence until May 17, 2013 in order to permit him to remain, albeit in the detainee status in which he had been held since his arrest at the beginning of the case, in a facility near his home while his family confronted medical challenges.

Under Fed. R. App. P. 4(b)(1), Williams was required to file a notice of appeal within 14 days after the entry of the judgment on Friday, May 17.  Fed. R. App. P. 26(a)(1) provides that the designated period begins the day after the triggering event and

-2-

includes all days thereafter (including weekends and legal
holidays), but if the last day of the period falls on a weekend
or legal holiday then the period continues to run until the end
of the next business day.  Williams was thus required to file a
notice of appeal by Friday, May 31.  He did not file notice at
that time.

On July 1, Williams moved for an extension of time until
July 5 to file a notice of appeal.  I denied the motion because
it sought to extend the time for filing beyond that allowed by
Fed. R. App. P. 4(b)(4), which provides:

> Upon a finding of excusable neglect or good cause, the
> district court may -- before or after the time has expired,
> with or without motion and notice -- extend the time to file
> a notice of appeal for a period not to exceed 30 days from
> the expiration of the time otherwise prescribed by this Rule
> 4(b).

Measuring 30 days from May 31, I retained discretion under Rule
4(b)(4) to extend the time period for filing a notice of appeal
until Sunday, June 30.  Because the last day of that period was a
Sunday, the period of authorization extended to Monday, July 1.
I thus was not authorized to allow any extension of time to file
beyond July 1 -- including Williams' requested date of Friday,
July 5.

Williams has now moved for reconsideration of my denial.
Although the question of timeliness is framed on reconsideration

differently than in my initial ruling,[2] I continue to decline to extend the time for filing notice of appeal (a) because I believe I do not have the authority to do so; and moreover, in the alternative, should I have authority (b) because I decline to exercise whatever discretion I may have to extend the period in which to appeal for this defendant, who had had over three months to consider and determine whether to pursue that course of action before the authorized time period for doing so ran out.

## - A -

The insuperable difficulty regarding timing is as follows: although Rule 4(b)(4) limits even the judicially-extended period for filing *a* notice of appeal, courts have been willing to treat a *motion to extend* as a notice of appeal "so long as the function of notice is met by the filing of a paper indicating an intention to appeal." Fed. R. App. P. 3(c) advisory committee's note (1979); *see Isert* v. *Ford Motor Co.*, 461 F.3d 756, 762 (6th Cir. 2006) (collecting cases). Williams thus could have complied with the extended 30-day period allowed by Rule 4(b)(4) if his July 1 motion to extend could be treated as a notice of appeal within the authorized time.

---

[2] I was initially in error by acting on the assumption that I had no authority to extend the period for filing a notice of appeal beyond June 30. Because June 30 was a Sunday, the last day on which I could authorize a notice of appeal to be filed was July 1. The defendant, however, sought to extend the filing date to July 5, which was plainly a date beyond my authority to permit.

But treating Williams' motion to extend as a timely notice of appeal would be inappropriate.  On its face, his last-minute request for an extension indicated at most that Williams would finally be prepared to decide by July 5 whether to appeal.  The Eleventh Circuit has held that a "motion for more time to appeal indicates uncertainty as to whether the party will in fact appeal and compels the conclusion that the notice of appeal is something yet to be filed." *Harris* v. *Ballard*, 158 F.3d 1164, 1166 (11th Cir. 1998).  I cannot find that Williams' motion – for leave to extend the period for appealing to a date more than 30 days from the expiration of the time otherwise prescribed by Fed. R. App. P. 4(b)(1) – constitutes an effective notice of appeal in a timely fashion.

**- B -**

In any event, even if I were to determine that Williams' motion to extend until July 5 should be treated – against its plain terms – as a notice of appeal within the prescribed time, I nevertheless find no "excusable neglect" or "good cause" to justify extending the time.  A determination as to excusable neglect

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

-5-

*Graphic Commc'ns Int'l Union, Local 12-N* v. *Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) (alterations in original) (quoting *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Central among these considerations is that there be a "satisfactory explanation for the late filing."  *Id.*  Indeed, the First Circuit has explicitly endorsed the notion that "[t]he four *Pioneer* factors do not carry equal weight," and that "the excuse given for the late filing must have the greatest import."  *Hosp. del Maestro* v. *N.L.R.B.*, 263 F.3d 173, 175 (1st Cir. 2001) ("the reason-for-delay factor will always be critical to the inquiry") (quoting *Lowry* v. *McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)).

Williams attributes his belated filing to difficulties in communicating with counsel as a result of his custodial relocation.  That excuse is significantly overstated here.  A review of the defendant's whereabouts after sentence was pronounced on March 28 demonstrates that there is no reason he should have needed until July 1 - let alone July 5 - to decide to file his motion to extend the time for filing his notice of appeal.

Williams remained at the Norfolk County Jail after his sentence was announced on March 28 until he was moved to Wyatt Detention Facility in Rhode Island on June 6, some 20 days after the judgment and commitment order was entered on May 17.  The

-6-

basic appeal period thus had run while he was kept in facilities customarily used in this District to house pre-trial detainees. On June 14, Williams was transported to MDC Brooklyn, New York and then to FCI Elkton, Ohio on June 18.  Williams says he could not communicate with counsel while "in transit" from the Norfolk Correctional Facility to MDC Brooklyn for a week in early June. Once he arrived at MDC Brooklyn, he was on 24-hour lockdown due to the presence of a co-defendant at the facility, and thus unable to communicate with counsel.  As a result, he argues, he and his counsel "only recently" have been able to communicate regarding his rights of appeal since the sentence was entered. The record does not support that characterization.

However, even assuming Williams faced some special difficulties in communicating with counsel after he was moved out of state, he had an uninterrupted period of nearly three weeks at the Norfolk County Jail for discussion between the entry of his sentence on May 17 and his transfer to Wyatt on June 6.  Williams offers no explanation why this was insufficient time, even putting to one side the additional week spent at Wyatt, a customary and accessible facility for federal detainees in this District, to confer with counsel and to prepare a simple notice of appeal.

Nor, as an equitable factor, will I ignore the additional month-and-a-half he had to confer with counsel while at the

Norfolk County Jail, due to my stay of entry of the judgment from March 28 to May 17. True, the formal deadlines for filing a notice of appeal ran from May 17 when the judgment and commitment order entered.[3]  But equity does not require providing yet additional time beyond those formal deadlines when Williams and counsel already had an unusually long time between the imposition of his sentence and its execution to reflect upon and prepare to act regarding his rights of appeal.

## - C -

Finding no satisfactory explanation why Williams would need even a day beyond the May 31 deadline to file a notice of appeal, let alone more than another month thereafter, I will reaffirm upon reconsideration my earlier denial of Williams' motion to extend by denying the motion for reconsideration.

## II.
## UNITED STATES V. MCLAUGHLIN
## CRIMINAL ACTION NO. 13-10023-DPW

Defendant Michael E. McLaughlin pleaded guilty to making false statements to the federal government.  I announced a sentence of 36 months incarceration on July 17, 2013 and the judgment and commitment order entered that day.

---

[3] There was no prospect that the judgment to be entered would differ from the oral pronouncement.  Indeed, any written judgment that deviated from the sentence announced in open court would be disregarded and the oral statement would control.  *See U.S.* v. *Flemmi*, 402 F.3d 79, 96 n.26 (1st Cir. 2005).  Thus, Williams knew with certainty what sentence would be reflected in the judgment when he heard it announced in open court.

Under Fed. R. App. P. 4(b)(1), a notice of appeal by McLaughlin was required to be filed by August 1.  On August 15, his trial counsel filed a Motion for Extension of Time for the filing of a notice.  The motion sought an extension for "a period of 30 days from the expiration of the time otherwise prescribed by [Fed. R. App. P. 4(b)(1)]."  Having determined August 1 to be the date prescribed for filing the notice of appeal, I have further determined that August 30 was the last date on which I would have authority to extend the time for filing a belated notice of appeal.  McLaughlin's trial counsel filed a notice of appeal on August 30.

Moreover, his counsel has provided an explanation I find satisfactory for his negligent failure to file a timely notice of appeal, specifically that he "was under the mistaken belief the Notice of Appeal was due to be filed within 30 days."  Moreover, trial counsel erroneously advised McLaughlin that a 30 day appeal period was available.  The mistaken 30 day period was not simply plucked out of the air.  It is the established appeal period under Massachusetts criminal practice.  *See* Mass. R. App. P. 4 (b).[4]  Reliance upon it in this setting was "excusable neglect."

---

[4] In the wake of *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993), lower courts recognized that the Supreme Court had "signaled a substantial degree of elasticity in the definition of 'excusable neglect.'" *Pratt* v. *Philbrook*, 109 F.3d 18 (1st Cir. 1991).  The Second Circuit, for example, overruled more stringent pre-*Pioneer* authority, in a case somewhat like this where a paralegal charged

McLaughlin's counsel, in his motion to extend, recited that the fundamental source of delay in filing a notice of appeal was the result of "initial uncertainty as to whether to pursue an appeal complicated by health issues on the part of the defendant" and by "arrangements to retain new counsel for appeal." The full period of 30 days in which an extension could be authorized was requested because of August vacation schedules for both trial and appellate counsel. And ultimately, unlike Williams, McLaughlin has filed an actual notice of appeal leaving no uncertainty about his determination to appeal within the time period authorized for an extension to do so.

### III.

For the reasons set forth more fully above, the motion (#727) for reconsideration in *United States* v. *Williams*, Criminal No. 10-10440-DPW, is DENIED and the motion (#57) for extension of

---

with filing a notice of appeal "mistakenly believed that she had thirty days to file the notice." *United States* v. *Hooper*, 9 F.3d 257, 258 (2d Cir. 1993). While I recognize a split in the circuits over whether mistake by a defendant's legal representative regarding the appeal period for criminal cases can constitute "excusable neglect," *compare United States* v. *Madrid*, 633 F.3d 1222, 1227-28 (11th Cir. 2011) (abuse of discretion to find excusable neglect where trial counsel erroneously thought he had 30 days in which to file a notice of appeal), having addressed on behalf of the First Circuit "the latitudinarian standards for excusable neglect" outlined by the Supreme Court in *Pioneer*, I am comfortable exercising my discretion to treat such a mistake as excusable. I note, moreover, the government expressly chose not to object to the motion to extend filed by McLaughlin.

time to file a notice of appeal in *United States* v. *McLaughlin*,
Criminal No. 13-10023, is ALLOWED.


                              */s/ Douglas P. Woodlock*
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE